CITY OF CONNEAUT, APPELLEE, v. REETS, APPELLANT.

(No. 447—Decided February 24, 1943.)

*Mr. Ray Bolinger,* for appellee.
*Mr. Victor F. Schmidt,* for appellant.

CARTER, J. Merle Reets, a resident of Conneaut, Ohio, was charged in the Municipal Court of the city, under section 9, subsection B, of city ordinance No. 3696, with distributing certain handbills not having printed on the front or back cover thereof the name and address of the person who caused same to be distributed.

Pertinent portions of such ordinance, involved herein, are as follows:

Section 2 (2-f): " 'Persons' shall mean and include any person, firm, partnership, association, corporation, company or organization of any kind."

Section 9: "Name and Address of Printer, etc., and Distributor of Handbills. It shall be unlawful for any person to distribute, deposit, scatter, hand out or circulate any commercial or non-commercial handbill in any place, under any circumstances, which does not have printed on the cover, front or back thereof, the name and address of the following:

"(a) The person who printed, wrote, compiled or manufactured the same.

"(b) The person who caused the same to be distributed; provided, however, that in the case of a fictitious person or club, in addition to such fictitious name, the true names and addresses of the owners, managers or agents of the persons sponsoring said handbill shall also appear thereon."

On arraignment accused plead not guilty and was thereupon tried by the court, a jury having been waived. He was found guilty and ordered to pay a fine of $25 and costs and was committed until fine and costs were paid or otherwise discharged. Motion for a new trial was filed and overruled, and an appeal is presented directly to this court.

The handbills in question were copies of what is commonly known as the Watch Tower, a religious publication published semimonthly by the Watch Tower Bible and Tract Society, Brooklyn, New York.

Is accused guilty of the offense charged in the affidavit? We think not for the following reasons: Accused is not charged solely with distributing handbills, but with distributing handbills not having printed on the front or back cover thereof the name and address of the person who caused the same to be distributed. To have violated the ordinance, the accused must not only have distributed these handbills, but he must have distributed such handbills not having printed on the front or back cover thereof the name and address of the person who caused the same to be distributed. The city would, therefore, be required to establish that the accused had been distributing these handbills without the requisite names thereon as provided in the ordinance. There is no question that the accused had been distributing these handbills. We are of the view that the person who caused same to be distributed was not the

actual distributor, but was the person who procured such distribution. In other words, if the Watch Tower Bible and Tract Society compiled and published the Watch Tower and sent copies of the same to the accused to have them distributed on the streets of Conneaut, it is quite clear to us that such society was the person who caused the handbills in question to be distributed and inasmuch as the name and address of the society, which we construe to have been the person who caused the handbills to be distributed, appeared on the front cover, accused could not be guilty of distributing such handbills in violation of the ordinance. If the city desires to include the distributor as well as the one who causes the handbills to be distributed, the ordinance could be easily amended to that effect.

It is further urged that the ordinance in question is unconstitutional and void as being an abridgment of religious freedom guaranteed by the Constitution. Due to the holding as indicated above we deem it unnecessary to pass on the constitutional question involved as it can make no difference to the accused in this case whether the ordinance is or is not unconstitutional. For this reason we do not pass on the constitutional question raised.

Reaching the conclusion we have, the judgment of the Municipal Court is reversed and defendant ordered discharged.

*Judgment reversed.*

PHILLIPS, J., concurs.
NICHOLS, J., concurs in judgment.